FILED - MQ
May 30, 2019 9:25 AM
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: slk / scanned  5-30-19

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

KEVIN DENON BRIGGS SR.
_____

(Enter above the full names of all plaintiffs, including prisoner number, in this action.)

v. PHYSICIAN ASSISTANT (P.A.) WESTCOMB,
CORRECTIONAL OFFICER (C.O.) BARBER,
LIEUTENANT (L.T.) RONDEAU.

(Enter above the full name of the defendant or defendants in this action.)

JURY TRIAL Demanded

2:19-cv-105
Gordon J. Quist, U.S. District Judge
Maarten Vermaat, Magistrate Judge

## COMPLAINT

I. **Previous Lawsuits**

**CAUTION:** The Prison Litigation Reform Act has resulted in substantial changes in the ability of incarcerated individuals to initiate lawsuits in this and other federal courts without prepayment of the civil action filing fee. Accurate and complete responses are required concerning your litigation history. Generally, a plaintiff's failure to accurately and completely answer the questions set forth below will result in denial of the privilege of proceeding *in forma pauperis* and require you to pay the entire $400.00 filing fee regardless of whether your complaint is dismissed.

A. Have you ever filed a lawsuit while incarcerated or detained in any prison or jail facility? Yes ☑ No ☐

B. If your answer to question A was yes, for each lawsuit you have filed you must answer questions 1 through 5 below. Attach additional sheets as necessary to answer questions 1 through 5 below with regard to each lawsuit.

1. Identify the court in which the lawsuit was filed. If it was a state court, identify the county in which the suit was filed. If the lawsuit was filed in federal court, identify the district within which the lawsuit was filed.

   See Attached Page #2 for following three case No. disposition.

2. Is the action still pending? Yes ☐ No ☐

   a. If your answer was no, state precisely how the action was resolved: _____

3. Did you appeal the decision? Yes ☐ No ☐

4. Is the appeal still pending? Yes ☐ No ☐

   a. If not pending, what was the decision on appeal? _____

5. Was the previous lawsuit based upon the same or similar facts asserted in this lawsuit? Yes ☐ No ☐

   If so, explain: _____

II. **Place of Present Confinement** MICHIGAN REFORMATORY (RMI)

If the place of present confinement is not the place you were confined when the occurrence that is subject of instant lawsuit arose, also list the place you were confined:

ALGER MAXIMUM SECURITY PRISON (LMF)

-1-

III. **Parties**

    A. Plaintiff(s)

Place your name in the first blank and your present address in the second blank. Provide the same information for any additional plaintiffs. Attach extra sheets as necessary.

Name of Plaintiff _____

Address _____

    B. Defendant(s)

Complete the information requested below for each defendant in this action, including whether you are suing each defendant in an official and/or personal capacity. If there are more than four defendants, provide the same information for each additional defendant. Attach extra sheets as necessary.

Name of Defendant #1 _____

Position or Title _____

Place of Employment _____

Address _____

Official and/or personal capacity? _____

Name of Defendant #2 _____

Position or Title _____

Place of Employment _____

Address _____

Official and/or personal capacity? _____

Name of Defendant #3 _____

Position or Title _____

Place of Employment _____

Address _____

Official and/or personal capacity? _____

Name of Defendant #4 _____

Position or Title _____

Place of Employment _____

Address _____

Official and/or personal capacity? _____

Name of Defendant #5 _____

Position or Title _____

Place of Employment _____

Address _____

Official and/or personal capacity? _____

CASE NO. 1:13-CV-00228 U.S. District (Southern)(1) this case is no longer pending, (2) case was settled, (3) No appeal was filed by me, but by the defendant's, (4) the appeal is no longer pending, decision affirmed on appeal, (5) this lawsuit is not based on the same or similar facts as the above.

CASE NO. 1:13-CV-1160 U.S. District (Southern Division)(1) this case was dismissed, (2) No longer pending (3) I appealed (4) appeal no longer pending, decision affirmed, (5) this new lawsuit is not the same, but there is some similar facts asserted herein as it pertains to my medical issues and false misconduct report & retaliation.

CASE NO. 1:13-CV-1280, U.S. District (Southern Division) (2) this case is no longer pending, defense granted summary judgment (3) no appeal filed (4) no appeal pending (5) this new lawsuit is not based on the same or similar as above herein.

-2-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

KEVIN DEVON BRIGGS SR.,
    Plaintiff,                         CASE NO.
v.
P.A. WESTCOMB, C/O BARBER,
Lt. RONDEAU, et. al.,            JURY TRIAL DEMANDED
    Defendants.

CIVIL RIGHTS COMPLAINT

Preliminary Statement:

    This is a civil rights action filed by Kevin D. Briggs Sr., a state prisoner, for damages and relief under 42 U.S.C. §1983, alleging deliberate indifference and violation of the Eighth Amendment, retaliation and violation of the First Amendment, due process and substantive due process and violation of the Fourteenth Amendment of the United States Constitution. Also alleging violation of state laws, Policy Directives and Operating Procedures (O.P.) & (P.D.). Mr. Briggs also allege the torts of assault and battery and medical neglect. Also, Spoliation of video evidence.

JURISDICTION:

    1. The Court has jurisdiction over the Plaintiff's claims of violation of federal constitutional rights under 42 U.S.C. §§ 1331(a) & 1343.

    2. The Court has supplemental jurisdiction over the Plaintiff's state law tort claims under 28 U.S.C. §1367.

1

Parties:

3. The Plaintiff Kevin D. Briggs Sr. was incarcerated at the Alger Max Correctional Facility (LMF), N6141 Industrial Park Drive, Munising, Mi. 49862 during the events described herein this complaint.

4. Defendant _____ Westcomb (P.A.) was the Physician's Assistant at the Alger Max Correctional Facility (LMF), N6141 Industrial Park Drive, Munising, Mi. 49862. She is being sued in her individual capacity.

5. Defendant _____ Barber (%) was a Corrections Officer at the Alger Max Correctional Facility (LMF), N6141 Industrial Park Drive, Munising, Mi. 49862. He is being sued in his individual capacity.

6. Defendant _____ Rondeau (Lt.) was a Lieutenant at the Alger Max Correctional Facility (LMF), N6141 Industrial Park Drive, Munising, Mi. 49862. He is being sued in his individual capacity.

7. All defendants have acted, and/or continue to act under color of state law at all times relevant to this complaint.

## "STATEMENT OF FACTS"

8. On January 19, 2016, K.B. went to health care to get his morning dose of 48 units of 70/30 insulin, in which the nurse would not give plaintiff Briggs no more than 40 units and then informed Mr. Briggs that the P.A. Westcomb reduced his insulin at morning, noon, and evening.

9. Plaintiff requested to see or speak to P.A. Westcomb to put his doses back up, but to no avail.

2

10. On January 13, 2016 through January 18, 2016 Mr. Briggs made nursing staff aware he was sick so he would not take all his insulin, due to loss of appetite so his blood glucose levels would not drop too low while he was sick.

11. On January 19, 2016, Mr. Briggs filed a grievance against P.A. Westcomb alleging deliberate indifference and violation MDOC Policy and Operating Procedures, see Grievance I.D.# LMF-2016-01-0178-12D3.

12. On January 25, 2016, Healthcare Supervisor's spoke to P.A. Westcomb about her actions with Mr. Briggs insulin change.

13. On January 26, 2016, P.A. Westcomb retaliated against Mr. Briggs when she and C/O Barber ambushed Plaintiff in the cedar unit health trying to provoke him.

14. On January 26, 2016, when Briggs did feed into P.A. Westcomb's verbal attacks and tried to leave, C/O Barber became physical with Mr. Briggs, but Briggs maintained his composure.

15. On January 26, 2016, Mr. Briggs requested help from Lt. Bondeau, whom failed to intervene, but told Briggs to lock down and pack his property, "You're going to the hole".

16. On January 26, 2016, Mr. Briggs was taken to the segregation unit.

17. On January 26, 2016, C/O Barber filed a false misconduct report against Briggs alleging "Threatening Behavior," in which caused Briggs to be placed into segregation.

3

18. On January 29, 2016, Mr. Briggs was not found guilty of threatening behavior, in which he was released from segregation 3 days later. However, Briggs loss 30 days privileges.

19. Before P.A. Westcomb changed Mr. Briggs insulin doses on January 19, 2016, his hemoglobin A1C was well below 7.0.

20. From January 19, 2016 until approximately the middle of March 2016, Mr. Briggs suffered adverse effects of high blood sugar levels causing cysts, constant urinating and kidney pains as a result of not having enough insulin. Wherefore, Dr. Bonnefield had to intervene and began increasing Mr. Briggs's insulin by 2 units until his insulin was at 50 units in the morning, 4 units at noon, and 36 units in the evening.

21. On January 26, 2016, %o Barber violated Mr. Briggs due process when he wrote a misconduct report on Briggs because he asked %o Barber why is he touching and bumping up against him.

22. On January 29, 2016, the hearing officer found Briggs guilty of a lesser charge and punished Briggs for 30 days, because Mr. Briggs followed MDOC Policy and tried to resolve this issue with %o Barber.

23. Mr. Briggs filed a rehearing against the misconduct but to no avail.

24. Mr. Briggs followed policy and filed for judicial review in State Court, but was wrongfully denied access to the court for review and denied my due process.

4

25. On January 26, 2016, Lt. Rondeau failed to intervene with C/O Barber's unprofessional behavior and action against Mr. Briggs, but encourage this C/O's behavior.

26. On January 27, 2016, Lt. Rondeau filed a false witness report against Mr. Briggs, which is a violation of employee work rules.

27. On April 20, 2016, C/O Barber stated to Mr. Briggs in the segregation at his cell that, "the Lt. told him to write that false misconduct report" on January 26, 2016.

28. The MDOC Policy for filing grievances against a witness statement or issues related to the hearing process is prohibited.

29. Plaintiff Briggs states there is video evidence of C/O Barber, Lt. Rondeau, and P.A. Westcomb's actions on January 26, 2019.

30. Mr. Briggs was not allowed to view the video, but knows it is to be held pursuant to policy.

31. Plaintiff Briggs asserts he was treated with deliberate indifference to his serious medical need for his diabetes, from January 19, 2016 until mid March 2016. There is medical evidence/records to support his claim.

32. Plaintiff asserts he was retaliated against by the above Defendants and that his substantive due process and due process was violated, which is reflected by the record.

33. Plaintiff Briggs asserts that his being was assaulted by the denial of adequate medical treatment and the denial medication and due to violation of Policies and Operating Procedure

5

34. Mr. Briggs was not allowed judicial review of the results stemming from his class I misconduct as required by State law and policy.

35. All statements and actions made against Mr. Briggs are not supported by the record, but supports Plaintiff's claims herein.

## CLAIMS FOR RELIEF

36. The actions of Defendant Westcomb in reducing Plaintiff's insulin causing him to suffer months of high blood sugar levels which caused constant urinating, kidney pain, and cysts constituted deliberate indifference in violation of the Eighth Amendment of the United States Constitution. And once Plaintiff complained for months of ill effects and Defendant Westcomb allowed him to suffer until the medical Doctor intervened, in which only demonstrates P.A. Westcomb not fixing the problem she caused was done maliciously and with sadistic intent constituting cruel and unusual punishment.

37. The actions of Defendant's Westcomb, Barber, and Rondeau trying to provoke Plaintiff into a class I misconduct because he filed a grievance against P.A. Westcomb. But Briggs did not respond negatively, wherefore, these Defendant's falsified documents in retaliation constituting violation of the First Amendment of the United States Constitution, As such by falsifying documents against Mr. Briggs constitutes violation of Plaintiff's substantive due process and due process of the Fourteenth Amendment of the United States Constitution.

6

38. The actions of Defendant Westcomb in using her medical license and authority to inflict pain on Mr. Briggs body by way of depriving him the doses necessary to help control his diabetes constituted the tort of assault and battery.

39. The actions of Defendant Westcomb in violating the MDOC Policy Directive and Operating Procedures to reduce Mr. Briggs insulin is a violation of state law constituting the tort of ~~assault~~ assault and battery and medical neglect.

40. Lt. Rondeau is a supervisor herein this complaint brought forth by Plaintiff. As such, Lt. Rondeau failed to take action or intervene with %Barber getting physical with the Plaintiff and falsifying a misconduct against this Plaintiff at Lt. Rondeau's direction.

41. All Defendants persued to have Plaintiff held in the segregation unit, and inso doing ~~illegible~~ fabricated documents violating Plaintiff's Fourteenth Amendment.

WHEREFORE, Plaintiff requests that the Court grant the following Relief:

A. Issue a declaratory judgment stating that:
1. The physical abuse of the plaintiff by P.A. Westcomb violated Plaintiff's rights under the Eighth Amendment to the United States Constitution and constituted an assault and battery under state law, Also neglect.
2. All Defendants actions in persuing fabricated threatening behavior charges, in which Plaintiff was segregated 8 days and Loss privileges for 30 days due to violating Plaintiff's substantive due process...

7

due process rights under the Fourteenth Amendment to the United States Constitution.

B. Award compensatory damages in the following amounts:
1. $150,000.00 against Defendant P.A. Westcomb for the physical and emotional injuries sustained as a result of the Plaintiff being deprived of his prescribed doses of insulin before P.A. Westcomb violated MDOC Policy Directive's and Operating Procedures.
2. $15,000.00 jointly and severally against all Defendants for the punishment and emotional injuries resulting from the denial of due process & substantive due process in connection with fabricated threatening behavior misconduct.
3. $20,000.00 jointly and severally all Defendants should pay Plaintiff for retaliating against him because he filed a grievance against Defendant Westcomb, so they punished him with a fabricated misconduct.
4. $50,000.00 against P.A. Westcomb for assaulting Plaintiff's being by withholding his full prescribed doses of insulin, in which Mr. Briggs sustained physically and emotionally.

C. Award punitive damages in the following amount:
1. $30,000.00 jointly and severally against Defendants Westcomb, Barber, and Rondeau.
2. $20,000.00 against P.A. Westcomb.
3. $20,000.00 against Lt. Rondeau.

D. Grant such other relief as it may appear that the Plaintiff is entitled. (i.e. Spoliation of Video(s)).

8

Respectfully Submitted,
*Kevin D. Briggs Sr.*
Kevin D. Briggs Sr. #447282
1342 W. Main St.
Ionia, Mi. 48846

Dated: May 23, 2019

## VERIFICATION

I, Kevin D. Briggs Sr. swear under penalty of perjury that all the above statements herein are true and correct to the best of my information and knowledge. Executed on May 24, 2019.

Respectfully Submitted,
*Kevin D. Briggs Sr.*
Kevin D. Briggs Sr. #447282
1342 W. Main St.
Ionia, Mi. 48846

Dated: May 24, 2019
Pursuant to 28 U.S.C. § 1746

NOTARY:

WILLIAM T. PITTMAN
NOTARY PUBLIC, STATE OF MI
COUNTY OF IONIA
MY COMMISSION EXPIRES Dec 7, 2019
ACTING IN COUNTY OF IONIA

9

Kevin D. Briggs Sr. #447288
1342 W. Main St.,
Ionia, MI. 48846

U.S. D
202
P.
Marq

Kevin D. Briggs Sr. #447288



rict Court (clerk)
Washington St.
Box 698
e, Mi. 49855