UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KEVIN DEVON BRIGGS #447282,

    Plaintiff,

v.

UNKNOWN WESTCOMB, et al.,

    Defendants.

_____/

Hon. Gordon J. Quist

Case No. 2:19-cv-105

ORDER TO PROCEED IN FORMA PAUPERIS WITH INITIAL FEE DUE WHEN FUNDS BECOME AVAILABLE

Plaintiff has sought leave to proceed *in forma pauperis* in compliance with 28 U.S.C. § 1915(a). The Court grants his motion. The Court must nevertheless require payment of the entire filing fee in installments, in accordance with 28 U.S.C. § 1915(b)(1). *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997); *Hampton v. Hobbs*, 106 F.3d 1281 (6th Cir. 1997). The civil action filing fee is $350.00 when leave to proceed *in forma pauperis* is granted. Any subsequent dismissal of Plaintiff's case, even if voluntary, does not negate Plaintiff's responsibility to pay the fee. *McGore*, 114 F.3d at 607.

Normally, A Plaintiff must pay a portion of the $350.00 fee as an initial partial filing fee. The initial partial filing fee is 20 percent of the greater of (a) the average monthly deposits to the prisoner's account; or (b) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). In this case, the average monthly deposit is greater than the average monthly balance. According to the certified copy of Plaintiff's prison trust account statement, Plaintiff had an average monthly deposit of $28.64. Twenty percent of Plaintiff's average monthly deposit is $5.73. However, according to the certified copy of

Plaintiff's prison trust account statement, Plaintiff was without sufficient financial resources to pay the initial partial filing fee at the time the complaint was filed. Therefore, pursuant to 28 U.S.C. § 1915(b)(4), Plaintiff must be allowed to bring this case without payment of the initial partial filing fee. *McGore*, 114 F.3d at 606.

However, although § 1915(b)(4) permits Plaintiff to avoid the payment of an initial partial filing fee at this time, the court is still required to impose an initial partial filing fee of $5.73 and, when funds become available, Plaintiff must pay this fee. *McGore*, 114 F.3d at 606.

> Even if the account balance is under ten dollars, prison officials must still forward payments to the district court to pay the initial partial filing fee. The ten-dollar rule of § 1915(b)(2) is applicable to fees and costs due only after the initial partial filing fee is paid. Once the initial partial filing fee is paid in full, the ten-dollar and twenty-percent requirements of § 1915(b)(2) become applicable.

*Id.*

Once Plaintiff has paid the initial partial filing fee of $5.73, Plaintiff must also pay the remaining amount of the filing fee through monthly payments of 20 percent of the preceding month's income credited to Plaintiff's prison trust fund account. 28 U.S.C. § 1915(b)(2). These payments will be forwarded by the agency having custody of the prisoner to the Clerk of this Court each time the amount in Plaintiff's trust account exceeds $10.00, until the filing fee of $350.00 is paid in full. 28 U.S.C. § 1915(b)(2); *McGore*, 114 F.3d at 607; *Hampton*, 106 F.3d at 1284. The check or money order shall be payable to "Clerk, U.S. District Court" and must indicate the case number in which the payment is made. If the amount in Plaintiff's account is $10.00 or less, no payment is required for that month. *Hampton*, 106 F.3d at 1284-85.

The Court shall review the case pursuant to 28 U.S.C. §§ 1915(e), 1915A and/or 42 U.S.C. § 1997e(c)(1), as appropriate. After the Court reviews the case, the Court will determine whether dismissal or service of process is appropriate, and will fashion an order accordingly. Should the case be dismissed, voluntarily by Plaintiff or by the Court, Plaintiff shall remain responsible for the filing fee. *McGore*, 114 F.3d at 607. Any pleadings herein served by the United States Marshal shall be at the expense of the United States government. All costs shall be reimbursed to the United States should Plaintiff prevail.

Once service of process has been ordered, Plaintiff shall serve upon Defendants, or if an appearance has been entered by an attorney, upon the attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date a true and correct copy of any document was mailed to Defendants or the attorney. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court. Accordingly,

IT IS ORDERED that leave to proceed *in forma pauperis* is granted and Plaintiff may proceed *in forma pauperis* without payment of an initial partial filing fee because Plaintiff was without sufficient financial resources at the time the complaint was filed. Plaintiff will remain liable for the initial partial filing fee of $5.73 as funds become available.

IT IS FURTHER ORDERED that the agency having custody of Plaintiff shall collect the initial partial filing fee of $5.73 as soon as funds become available. After the initial partial filing fee has been paid, the agency having custody of Plaintiff shall collect the

remainder of the filing fee.  As outlined above, each month that the amount in Plaintiff's account exceeds $10.00, the agency shall collect 20 percent of the preceding month's income and remit that amount to the Clerk of this Court.  The agency shall continue to collect monthly payments from Plaintiff's prisoner account until the entire filing fee of $350.00 is paid.

Date:  June 3, 2019  /s/ Maarten Vermaat
mlc  MAARTEN VERMAAT
U.S. Magistrate Judge

**<u>SEND REMITTANCES TO</u>**:

*Clerk, U.S. District Court*
*P.O. Box 698*
*314 Federal Bldg.*
*202 W. Washington St.*
*Marquette, MI  49855*

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**