UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

KEVIN DEVON BRIGGS #447282,

    Plaintiff,                                                 Case No. 2:19-CV-105

v.                                                      HON. GORDON J. QUIST

UNKNOWN WESTCOMB, et al.,

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

    This is a civil rights action brought by state prisoner, Kevin Devon Briggs, pursuant to 42 U.S.C. § 1983.  On August 2, 2021, U.S. Magistrate Judge Maarten Vermaat issued a Report and Recommendation (R & R), recommending that the Court grant Defendant Rondeau's motion for summary judgment based on exhaustion. (ECF No. 51.)  Briggs has filed objections. (ECF No. 53.)  Upon receiving objections to the R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  After conducting a de novo review of the R & R, the objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

    Plaintiff alleges that Defendant Rondeau retaliated against him when he submitted a false witness statement at Plaintiff's misconduct hearing. The magistrate judge determined that Plaintiff failed to exhaust his administrative remedies because he failed to allege that Defendant Rondeau retaliated against him during the misconduct hearing process or his request for a rehearing.  The

magistrate judge also determined that even if Plaintiff could exhaust his retaliation claim against Defendant Rondeau through the MDOC grievance process, he failed to name Defendant Rondeau in the grievance.

In his objections, Plaintiff argues that he was not required to exhaust his retaliatory claim against Defendant Rondeau during the misconduct hearing process. This Court finds no error in the magistrate judge's analysis on this issue. Furthermore, as explained by the magistrate judge, even if Plaintiff could exhaust this claim through the grievance process, he only grieved his claims against Defendant Barber—not Defendant Rondeau. Accordingly,

**IT IS HEREBY ORDERED** that the August 2, 2021, Report and Recommendation (ECF No. 51) is **adopted** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Rondeau's motion for summary judgment (ECF No. 28) is **GRANTED.** Plaintiff's claims against Defendant Rondeau are **dismissed without prejudice**.

Plaintiff's claims against Defendants Westcomb and Barber remain in this case.

Dated: August 24, 2021                                   /s/ Gordon J. Quist
                                                   GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE